UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Docket No. 4:24-CV-12507-MRG

FEDERAL INSURANCE
COMPANY, Plaintiff/Defendant-
in-Counterclaim

v.

KPM ANALYTICS,
INCORPORATED f/k/a STATERA
ANALYTICS, INCORPORATED
and KPM ANALYTICS NORTH
AMERICA CORPORATION f/k/a
PROCESS SENSORS
CORPORATION,
Defendants/Plaintiffs-in-
Counterclaim,

:
:
:
:
:
:
:
:
:
:
:
:

## ANSWER TO COMPLAINT FOR DECLARATORY RELIEF
### -and-
### COUNTERCLAIM

Defendants KPM Analytics, Incorporated f/k/a Statera Analytics, Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation (collectively "Defendants") hereby answer the *Complaint for Declaratory Relief* ("Complaint") of Federal Insurance Company ("Federal" or "Plaintiff").

### Parties

1.  This paragraph is a description of the case to which no response is required. To the extent a response is required, Defendants respond that Federal is not entitled to the declaratory relief it seeks.

2.  Denied.

3.  Admitted that an actual justiciable controversy exists between Plaintiff and Defendants within the meaning of 28 U.S.C. § 2201 regarding whether Federal has a

duty to defend the Defendants with respect to the Underlying Action. Admitted that Exhibit A to the Complaint is a true copy of the Complaint in the Underlying Action. The remaining allegations in this paragraph are denied.

4.  Admitted.

5.  Admitted.

Parties

6.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the same.

7.  Admitted.

8.  Admitted.

Factual Allegations

9.  Defendants incorporate by reference their responses to the above paragraphs.

The Policies

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. The Primary Policy is a document that speaks for itself. Defendants deny any characterizations of the document inconsistent with its terms.

16. The Primary Policy is a document that speaks for itself. Defendants deny any characterizations of the document inconsistent with its terms.

17. The Primary Policy is a document that speaks for itself. Defendants deny any characterizations of the document inconsistent with its terms.

18. The Primary Policy is a document that speaks for itself. Defendants deny any characterizations of the document inconsistent with its terms.

19. The Primary Policy is a document that speaks for itself. Defendants deny any characterizations of the document inconsistent with its terms.

20. The Primary Policy is a document that speaks for itself. Defendants deny any characterizations of the document inconsistent with its terms.

21. The Primary Policy is a document that speaks for itself. Defendants deny any characterizations of the document inconsistent with its terms.

22. The Primary Policy is a document that speaks for itself. Defendants deny any characterizations of the document inconsistent with its terms.

23. The Umbrella Policy is a document that speaks for itself. Defendants deny any characterizations of the document inconsistent with its terms.

24. The Umbrella Policy is a document that speaks for itself. Defendants deny any characterizations of the document inconsistent with its terms.

25. The Umbrella Policy is a document that speaks for itself. Defendants deny any characterizations of the document inconsistent with its terms.

26. The Umbrella Policy is a document that speaks for itself. Defendants deny any characterizations of the document inconsistent with its terms.

27. The Umbrella Policy is a document that speaks for itself. Defendants deny any characterizations of the document inconsistent with its terms.

28. The Umbrella Policy is a document that speaks for itself. Defendants deny any characterizations of the document inconsistent with its terms.

29. The Umbrella Policy is a document that speaks for itself. Defendants deny any characterizations of the document inconsistent with its terms.

30. The Umbrella Policy is a document that speaks for itself. Defendants deny any characterizations of the document inconsistent with its terms.

31. The Umbrella Policy is a document that speaks for itself. Defendants deny any characterizations of the document inconsistent with its terms.

32. The Umbrella Policy is a document that speaks for itself. Defendants deny any characterizations of the document inconsistent with its terms.

33. The Umbrella Policy is a document that speaks for itself. Defendants deny any characterizations of the document inconsistent with its terms.

34. The Umbrella Policy is a document that speaks for itself. Defendants deny any characterizations of the document inconsistent with its terms.

35. The Umbrella Policy is a document that speaks for itself. Defendants deny any characterizations of the document inconsistent with its terms.

36. The Umbrella Policy is a document that speaks for itself. Defendants deny any characterizations of the document inconsistent with its terms.

37. Admitted.

38. Admitted.

39. The so-called Subsequent Policies are documents that speak for themselves. Defendants deny any characterizations of the documents inconsistent with their terms.

The Underlying Action

40. Admitted that IEP commenced the Underlying Action against the Defendants on or about March 10, 2021. IEP's complaint in the Underlying Action is a document that

4

speaks for itself. Defendants deny any characterizations of the document inconsistent with its terms.

41. IEP's complaint in the Underlying Action is a document that speaks for itself. Defendants deny any characterizations of the document inconsistent with its terms.

42. IEP's complaint in the Underlying Action is a document that speaks for itself. Defendants deny any characterizations of the document inconsistent with its terms.

43. IEP's complaint in the Underlying Action is a document that speaks for itself. Defendants deny any characterizations of the document inconsistent with its terms.

44. IEP's complaint in the Underlying Action is a document that speaks for itself. Defendants deny any characterizations of the document inconsistent with its terms.

45. IEP's complaint in the Underlying Action is a document that speaks for itself. Defendants deny any characterizations of the document inconsistent with its terms.

<u>Federal's Provision of a Defense Subject to a Reservation of Rights</u>

46. IEP's complaint in the Underlying Action is a document that speaks for itself. Defendants deny any characterizations of the document inconsistent with its terms.

47. IEP's complaint in the Underlying Action is a document that speaks for itself. Defendants deny any characterizations of the document inconsistent with its terms.

48. IEP's complaint in the Underlying Action is a document that speaks for itself. Defendants deny any characterizations of the document inconsistent with its terms.

49. IEP's complaint in the Underlying Action is a document that speaks for itself. Defendants deny any characterizations of the document inconsistent with its terms.

50. The Policies are documents that speak for themselves. Defendants deny any characterizations of the documents inconsistent with their terms.

51. IEP's complaint in the Underlying Action is a document that speaks for itself. Defendants deny any characterizations of the document inconsistent with its terms.

52. The Primary Policy and the Umbrella Policy are documents that speak for themselves. Defendants deny any characterizations of the documents inconsistent with their terms.

53. Admitted that Federal agreed to defend Defendants in the Underlying Action under the Primary Policy under a reservation of rights. Federal's reservation of rights is a document that speaks for itself. Defendants deny any characterizations of the document inconsistent with its terms.

54. Federal's reservation of rights is a document that speaks for itself. Defendants deny any characterizations of the document inconsistent with its terms.

55. Admitted.

56. Federal's reservation of rights is a document that speaks for itself. Defendants deny any characterizations of the document inconsistent with its terms.

Discovery in the Underlying Action

57. Denied.

58. Denied.

59. Admitted.

60. Denied.

61. Admitted.

62. Admitted.

63. Admitted.

64. Admitted.

65. Admitted.

66. Admitted.

67. Admitted.

68. Admitted.

69. Admitted.

70. Defendants' Motion for Summary Judgment in the Underlying Action is a document that speaks for itself. Defendants deny any characterizations of the document inconsistent with its terms.

71. Admitted.

<u>Coverage</u>

72. Admitted.

73. Denied.

74. Denied.

75. Denied.

76. Denied that Federal is entitled to the declaratory relief is seeks.

**Count I: Declaratory Judgment – No Duty to Defend or Indemnify**

77. Defendants incorporate by reference their responses to the above paragraphs.

78. Admitted.

79. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the same.

80. Admitted that an actual controversy has arisen between Plaintiff and Defendants regarding whether Federal has a duty to defend the Defendants with respect to the Underlying Action. Denied that an actual controversy has arisen between Plaintiff and

defendants regarding whether Federal has a duty to indemnify the Defendants with respect to the Underlying Action.

81. Admitted that a binding declaration determining the rights and obligations of Federal and Defendants with respect to Federal's duty to defend the Defendants with respect to the Underlying Action is necessary and will resolve the parties' disagreement on that issue. The remaining allegations in this paragraph are denied.

82. Denied that Federal is entitled to the declaratory relief is seeks.

**Count II: Declaratory Judgment – Other Coverage Defenses**

83. Defendants incorporate by reference their responses to the above paragraphs.

84. Admitted.

85. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the same.

86. Admitted that an actual controversy has arisen between Plaintiff and Defendants regarding whether Federal has a duty to defend the Defendants with respect to the Underlying Action. Denied that an actual controversy has arisen between Plaintiff and defendants regarding whether Federal has a duty to indemnify the Defendants with respect to the Underlying Action.

87. Admitted that a binding declaration determining the rights and obligations of Federal and Defendants with respect to Federal's duty to defend the Defendants in the Underlying Action is necessary and will resolve the parties' disagreement on that issue. The remaining allegations in this paragraph are denied.

88. Denied that Federal is entitled to the declaratory relief is seeks.

## <u>Affirmative and Other Defenses</u>

### <u>First Defense</u>

The Complaint fails to state a claim upon which relief can be granted.

### <u>Second Defense</u>

The Complaint should be dismissed due to failure to join indispensable parties (the plaintiff in the Underlying Lawsuit).

### <u>Third Defense</u>

There is no justiciable controversy as to Federal's duty to indemnify Defendants, as the Underlying Lawsuit has yet to result in a judgment against Defendants.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Defendants ask the Court to award the following relief:

(A)    Enter a declaration against Federal and in favor of Defendants, establishing Federal has a duty to provide defense coverage to Defendants with respect to the Underlying Action;

(B)    Enter a judgment of dismissal on Federal's request for a declaratory judgment concerning its duty to indemnify Defendants; and

(C)    Enter judgment against Federal and in favor of Defendants, awarding Defendants such other and additional relief (legal, equitable or otherwise) as this Court deems just and proper.

## COUNTERCLAIMS

### Introduction

Plaintiffs-in-Counterclaim KPM Analytics, Incorporated f/k/a Statera Analytics, Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation bring these counterclaims to establish the duty of their insurer, Plaintiff/Defendant-in-Counterclaim Federal Insurance Company, to defend and indemnify them in the Underlying Lawsuit.

### Parties

1.      Plaintiff-in-Counterclaim KPM Analytics is a corporation organized under the laws of the state of Delaware, with its principal place of business in Westborough, Massachusetts.

2.      Plaintiff-in-Counterclaim KPM Analytics North America is a corporation organized under the laws of the state of Delaware, with its principal place of business in Westborough, Massachusetts.

3.      On information and belief, Federal Insurance Company ("Federal") is a is an insurance company organized under the laws of the state of Indiana.

### Jurisdiction and Venue

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and the suit is between citizens of different states.

5.      This court has supplemental jurisdiction and venue over Plaintiff-in-Counterclaim's counterclaims. 28 U.S.S. §1367.

## Facts

### The Insurance Policies

6.      Federal insured KPM Analytics North America (f/k/a KPM Analytics and Process Sensors Corp.) under a general liability insurance policy for the period of March 8, 2018 to March 8, 2019 (the "Primary Policy").

7.      Federal insured KPM Analytics Incorporated under a Commercial Excess and Umbrella Liability Policy for the period of March 8, 2018 to March 8, 2019 (the "Umbrella Policy").

8.      All premiums due under the Policy and the Umbrella Policy have been paid.

9.      The Primary Policy and the Umbrella Policy have been in full force and effect during their entire policy period.

10.     All conditions, including all conditions precedent, set forth in the Primary Policy and/or the Umbrella Policy have been satisfied.

11.     Federal Insurance Company has the duty to defend Plaintiffs-in-Counterclaim against any suit that seeks damages that are potentially covered by the Primary Policy and/or the Umbrella Policy.

12.     The applicable limits of liability of the Primary Policy and Umbrella Policy have not been exhausted, either by payment of judgments or settlements or otherwise.

### The IEP Lawsuit

13.     IEP Technologies, LLP ("IEP") has commenced an action against Plaintiffs-in-Counterclaim captioned *IEP Technologies, LLC v. KPM Analytics,*

*Incorporated f/k/a Statera Analytics, Incorporated, et al.*, U.S. District Court for District of Massachusetts, Case No. 1:21-cv-10417 (the "Underlying Action").

14.     The Underlying Action contains factual and legal allegations that create the potential for coverage under various provisions of the Primary Policy and the Umbrella Policy.

15.     Accordingly, Federal has a duty to defend Plaintiffs-in-Counterclaim against the allegations and claims of the Underlying Action.

16.     Federal takes the position that it has no duty to defend Plaintiffs-in-Counterclaim against the Underlying Action even though its obligation to do so is reasonably clear.

**COUNT I**

**(Declaratory Judgment -- Duty to Defend)**

17.     Plaintiffs-in-Counterclaim repeat and incorporate by reference the above allegations.

18.     A genuine, actual, and justiciable controversy has arisen and presently exists between and among Federal and Plaintiffs-in-Counterclaim concerning Federal's duty to defend Plaintiffs-in-Counterclaim in the Underlying Action.

19.     This action is ripe for declaratory judgment because a final ruling by this Court will determine the rights and obligations of the parties and will settle the controversy among them as to Federal's obligation to defend Plaintiffs-in-Counterclaim in the Underlying Action.

20.     The Underlying Action contains factual and legal allegations that create the potential for coverage under various provisions of the Primary Policy and the Umbrella Policy.

21.     Accordingly, Federal has a duty to defend Plaintiffs-in-Counterclaim against the allegations and claims of the Underlying Action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs-in-Counterclaim ask the Court to award the following relief:

(A)     Enter a declaration against Federal and in favor of Plaintiffs-in-Counterclaim, establishing Federal has a duty to provide defense coverage to Plaintiffs-in-Counterclaim with respect to the Underlying Action;

(B)     Enter judgment against Federal and in favor of Plaintiffs-in-Counterclaim, awarding Plaintiffs-in-Counterclaim such other and additional relief (legal, equitable or otherwise) as this Court deems just and proper.

Respectfully submitted,
KPM ANALYTICS, INCORPORATED f/k/a
STATERA ANALYTICS, INCORPORATED and
KPM ANALYTICS NORTH AMERICA
CORPORATION f/k/a PROCESS SENSORS
CORPORATION,
By their attorneys,


/s/ Andrew F. Caplan
Andrew F. Caplan (BBO #564127)
Twohig Caplan LLP
P.O. Box 84
Swampscott, MA 01907
339-440-0978
acaplan@twohigcaplan.com

-and-

13

/s/ Michael P. Twohig
Michael P. Twohig, BBO # 648079
Twohig Caplan LLP
25 Pender Street
Boston, MA 02132-3209
617-548-3627
mtwohig@twohigcaplan.com

Dated: December 2, 2024