**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| FEDERAL INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | CASE NO. 4:24-CV-12507-MRG |
| v. | ) ) ) | |
| KPM ANALYTICS, INCORPORATED F/K/A STATERA ANALYTICS, INCORPORATED and KPM ANALYTICS NORTH AMERICA CORPORATION F/K/A PROCESS SENSORS CORPORATION | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**ANSWER OF PLAINTIFF FEDERAL INSURANCE COMPANY TO
COUNTERCLAIMS OF DEFENDANTS KPM ANALYTICS, INCORPORATED F/K/A
STATERA ANALYTICS, INCORPORATED and KPM ANALYTICS NORTH
AMERICA CORPORATION F/K/A PROCESS SENSORS CORPORATION**

Plaintiff Federal Insurance Company ("Federal") answers the Counterclaims

("Counterclaim") of Defendants KPM Analytics, Incorporated f/k/a Statera Analytics,

Incorporated ("KPM Analytics") and KPM Analytics North America Corporation f/k/a Process

Sensors Corporation (collectively, the "Defendants") as follows, while denying each and every

allegation that is not specifically admitted herein:

**Introduction**

The "Introduction" constitutes a characterization of the Counterclaim to which no

response is required.  To the extent that a response is required, Federal denies the allegations in

the "Introduction" and denies that Defendants are entitled to any relief against it in this action.

4128158_1

## Parties

1.      Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Counterclaim, which allegations are therefore denied.

2.      Federal is without knowledge or information sufficient to form a belief as to the Truth of the allegations contained in Paragraph 2 of the Counterclaim, which allegations are therefore denied.

3.      Federal admits the allegations in Paragraph 3 of the Counterclaim.

## Jurisdiction and Venue

4.      To the extent the allegations in Paragraph 4 of the Counterclaim contain legal conclusions or statements of law, no response is required.  To the extent a response is required, Federal admits that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

5.      The allegations in Paragraph 5 of the Counterclaim contain legal conclusions or statements of law to which no response is required.  To the extent a response is required, Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, which allegations are therefore denied.

## Facts

### The Insurance Policies

6.      Federal admits that it issued a General Liability insurance policy, bearing policy number 3605-23-12 BOS and having a policy period from March 8, 2018 to March 8, 2019, to KPM Analytics (the "Primary Policy").  Federal states that the Primary Policy is a document, the contents of which speak for themselves, and denies the allegations in Paragraph 6 of the

4128158_1

Counterclaim insofar as they are inconsistent with the contents of the Primary Policy.  Federal

otherwise denies the allegations in Paragraph 6 of the Counterclaim.

7.      Federal admits that it issued a Commercial Excess and Umbrella Liability

insurance policy, bearing policy number 7818-77-14 and having a policy period from March 8,

2018 to March 8, 2019, to KPM Analytics (the "Umbrella Policy," and together with the Primary

Policy, the "Policies").  Federal states that the Umbrella Policy is a document, the contents of

which speak for themselves, and it denies the allegations in Paragraph 7 of the Counterclaim

insofar as they are inconsistent with the contents of the Umbrella Policy.  Federal otherwise

denies the allegations in Paragraph 7 of the Counterclaim.

8.      Federal admits the allegations in Paragraph 8 in the Counterclaim.

9.      Federal admits the allegations in Paragraph 9 in the Counterclaim.

10.     The allegations in Paragraph 10 of the Counterclaim contain legal conclusions or

statements of law to which no response is required; to the extent a response is required, Federal

denies the allegations in Paragraph 10 of the Counterclaim.

11.     The allegations in Paragraph 11 of the Counterclaim contain legal conclusions or

statements of law to which no response is required; to the extent a response is required, Federal

denies the allegations in Paragraph 11 of the Counterclaim.

12.     Federal admits the allegations in Paragraph 12 of the Counterclaim.

### The IEP Lawsuit

13.     Paragraph 13 of the Counterclaim purports to characterize the pleadings and court

filings in the lawsuit captioned *IEP Technologies, LLC v. KPM Analytics, Incorporated f/k/a

Statera Analytics, Incorporated, et al.*, U.S. District Court for District of Massachusetts, Case

4128158_1

No. 1:21-cv-10417 (the "Underlying Action"). Federal denies the allegations in Paragraph 13 insofar as they are inconsistent with the contents of the documents referenced therein.

14.     The allegations in Paragraph 14 of the Counterclaim contain legal conclusions or statements of law to which no response is required; to the extent a response is required, Federal denies the allegations in Paragraph 14 of the Counterclaim.

15.     Federal denies the allegations in Paragraph 15 of the Counterclaim.

16.     To the extent the allegations contained in Paragraph 16 of the Counterclaim characterize Federal's position, no response is required. To the extent a response is required, Federal admits that it contends it is entitled to a declaration in this action that it has no duty to defend or indemnify Defendants with respect to the Underlying Action. Federal denies the remaining allegations in Paragraph 16 of the Counterclaim.

## COUNT I

### (Declaratory Judgment – Duty to Defend)

17.     Federal repeats and incorporates by reference its answers to the allegations set forth in Paragraphs 1 through 16 of the Counterclaim.

18.     Federal admits there is controversy between it and Defendants regarding their respective rights and obligations, if any, under the Policies with respect to the Underlying Action, but it denies that the controversy is as stated by Defendants. Federal otherwise denies the allegations in Paragraph 18 of the Counterclaim.

19.     Federal admits there is controversy between it and Defendants regarding their respect rights and obligations, if any, under the Policies with respect to the Underlying Action, but it denies that the controversy is as stated by Defendants. Federal otherwise denies the allegations in Paragraph 19 of the Counterclaim.

20.     Federal denies the allegations in Paragraph 20 of the Counterclaim.

4128158_1

21.     Federal denies the allegations in Paragraph 21 of the Counterclaim.

## PRAYER FOR RELIEF

Federal denies that the Defendants are entitled to relief of any kind or damages of any kind.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Counterclaim fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Coverage under the Primary Policy and the Umbrella Policy is subject to the respective terms, conditions, exclusions, and limitations contained therein, which apply to bar coverage for the Underlying Action.

### THIRD AFFIRMATIVE DEFENSE

The Defendants' claims for coverage under the Policies for the Underlying Action are barred because the "Advertising Injury And Personal Injury Liability Coverage" of the Primary Policy "applies only to such advertising injury . . . caused by an offense that is first committed during the policy period," and the Underlying Action does not assert liability against Defendants for "advertising injury" caused by an "offense" that was "first committed during the policy period."

### FOURTH AFFIRMATIVE DEFENSE

The Defendants' claims for coverage under the Policies for the Underlying Action are barred by the Policies' Prior Offenses exclusion.

5

FIFTH AFFIRMATIVE DEFENSE

The Defendants' claims for coverage under the Policies for the Underlying Action are or may be barred, in whole or in part, by the Policies' Intellectual Property Laws Or Rights Exclusion.

SIXTH AFFIRMATIVE DEFENSE

The Defendants' claims for coverage under the Policies for the Underlying Action are or may be barred, in whole or in part, by the Policies' Expected or Intended Injury Exclusion.

SEVENTH AFFIRMATIVE DEFENSE

The Defendants' claims for coverage under the Policies for the Underlying Action are or may be barred, in whole or in part, by the Policies' Continuing Offenses exclusion.

EIGHTH AFFIRMATIVE DEFENSE

The Defendants' claims for coverage under the Policies for the Underlying Action are barred to the extent the injunctive relief, declaratory relief and other non-monetary damages sought against the Defendants in the Underlying Action are not covered "damages" under the Policies.

NINTH AFFIRMATIVE DEFENSE

The Defendants' claims are or may be barred, in whole or in part, to the extent coverage under the Policies is extinguished or limited because of failure to comply with and/or perform conditions precedent to any obligation under the terms of the Policies.

TENTH AFFIRMATIVE DEFENSE

The Defendants' claims are or may be barred, in whole or in part, by the doctrines of unclean hands, waiver and/or estoppel.

4128158_1

ELEVENTH AFFIRMATIVE DEFENSE

The Defendants' claims are or may be barred, in whole or in part, due to a lack and/or failure of consideration.

TWELFTH AFFIRMATIVE DEFENSE

Federal reserves the right to assert additional and different affirmative defenses to the Counterclaim, including, without limitation, such affirmative defenses as are supported by discovery conducted in this case.

## JURY TRIAL DEMAND

Federal demands a trial by jury on any issue presented in the Counterclaim that is properly so triable.

Respectfully submitted,

FEDERAL INSURANCE COMPANY,
By Its attorneys,

*/s/ John J. McGivney*
*/s/ Kara A. Loridas*

John J. McGivney (BBO No. 333510)
Kara A. Loridas (BBO No. 681727)
RUBIN AND RUDMAN LLP
53 State Street
Boston, MA  02109
(617) 330-7000
jmcgivney@rubinrudman.com
kloridas@rubinrudman.com

Dated:  December 20, 2024

7

8

## <u>CERTIFICATE OF SERVICE</u>

I, Kara A. Loridas, hereby certify that on December 20, 2024 the foregoing document was served by electronically filing a copy through the ECF system on those persons registered to receive notice thereunder and that e-mail or hard copies will be sent to those indicated as non-registered participants.

*/s/ Kara A. Loridas*

_____

Kara A. Loridas

4128158_1